IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

William Scott MacDonald,       )
    Petitioner,                )
                               )
v.                             )    1:09cv1047 (GBL/TRJ)
                               )
Keith Holder,                  )
    Respondent.                )

## MEMORANDUM OPINION

William Scott MacDonald, who is paroled in North Carolina and is proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Colonial Heights, Virginia of soliciting a minor to commit a felony and contributing to the delinquency of a minor.[1] Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. MacDonald was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. By Order dated February 14, 2011, respondent's Motion to Dismiss was denied without prejudice, and respondent was directed to file a pleading addressing the concerns raised in that Order. Respondent filed a Supplemental Brief in Support of the Motion to Dismiss on March 25, 2011, and petitioner has filed a reply as well as a Motion for Discovery. For the reasons that follow, respondent's Renewed Motion to Dismiss will be granted and petitioner's Motion for Discovery will be denied as moot.

---

[1] This is MacDonald's second habeas petition filed in this Court. His habeas petition in case number 1:08cv781 (GBL/TRJ) challenged his conviction in the Circuit Court for Prince George's County, Virginia. Thus, the instant petition is not successive, although the convictions arise from related factual circumstances.

1

## I. Background

Forty-seven-year-old MacDonald had been introduced to seventeen-year-old A.J. through a mutual acquaintance. Late one evening, MacDonald and A.J. met in a parking lot in Colonial Heights. MacDonald then rode with A.J. to her grandmother's house, and she went inside to retrieve a personal item. See Va. Ct. App., Jan. 9, 2007, at 1-2, ECF No. 2-9. When A.J. returned to the car, MacDonald first asked her to "suck his dick," then pointed to a shed in the backyard and suggested they go back there to "have sex." Id. at 2. A.J. said she was tired and wanted to take MacDonald back to his truck, so they returned to the parking lot. There, MacDonald pushed A.J. against the hood of her car and began to kiss and grope her. A.J. pushed him away and went home. Id.

On August 2, 2005, following a bench trial, MacDonald was found guilty of soliciting a minor to commit a felony and contributing to the delinquency of a minor. See Va. Code Ann. § § 18.2-29, 18.2-371. The underlying felony for MacDonald's solicitation offense was Virginia's statute concerning "crimes against nature," which reads

> If any person carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony, except as provided in subsection B.[2]

See Va. Code Ann. § 18.2-361(A). The trial court found that on September 23, 2004, when MacDonald was forty-seven years old, he had solicited sodomy from a seventeen-year-old girl. MacDonald was sentenced to twelve months incarceration for contributing to the delinquency of a minor, and ten years with nine years suspended for solicitation. Commonwealth v.

---

[2] Subsection B states "Any person who performs or causes to be performed cunnilingus, fellatio, anilingus or anal intercourse upon or by his daughter or granddaughter, son or grandson, brother or sister, or father or mother is guilty of a Class 5 felony. However, if a parent or grandparent commits any such act with his child or grandchild and such child or grandchild is at least 13 but less than 18 years of age at the time of the offense, such parent or grandparent is guilty of a Class 3 felony." See Va. Code Ann. § 18.2-361(B).

MacDonald, Case No. CR05000141-01, CR05000141-02. MacDonald appealed his conviction to the Court of Appeals of Virginia, arguing that there was insufficient evidence to convict him and that § 18.2-361(A) is unconstitutional. The Court of Appeals affirmed MacDonald's convictions on January 9, 2007. MacDonald v. Commonwealth, Case No. 1939-05-2. MacDonald appealed to the Supreme Court of Virginia, which refused the appeal on September 7, 2007 and denied his petition for rehearing on November 9, 2007. MacDonald v. Commonwealth, Case No. 070124.

MacDonald filed a state petition for writ of habeas corpus in the Supreme Court of Virginia on February 4, 2008, raising claims of ineffective assistance of counsel, violation of the Ex Post Facto Clause of the United States Constitution, and insufficiency of the evidence. The court held that counsel was not ineffective and the Ex Post Facto Clause argument was procedurally barred under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The court also held that the insufficient evidence claim was not cognizable in a state habeas petition because it had been raised and decided in the trial court and on direct appeal. Thus, the petition was refused on October 21, 2008. MacDonald v. Dir., Dept. of Corr., Case No. 080260.

In this petition for § 2254 habeas corpus relief, MacDonald challenges his conviction by arguing that (1) § 18.2-361 is unconstitutional (a) on its face, (b) as applied in this case, and (c) because it violates the Ex Post Facto Clause, and (2) there was insufficient evidence to convict MacDonald of contributing to the delinquency of a minor.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications

3

are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Analysis

#### A. Va. Code § 18.2-361 violates the Ex Post Facto Clause, is Facially Unconstitutional, is Unconstitutional As Applied to Petitioner, and Carries Punishments that Violate Equal Protection

Respondent asserts that MacDonald's Ex Post Facto Clause claim must be dismissed as procedurally defaulted. In the alternative, respondent asserts that this claim

> ...contains little in the way of an ex post facto argument, and instead amounts to a mishmash of non-cognizable state law claims and discrete constitutional contentions neither advanced on direct appeal nor properly offered in support of any ex post facto argument. Moreover, petitioner has made no claim or showing

4

that he is entitled to relief either under 28 U.S.C. 2254(d) or the 'new rule' doctrine articulated in Teague v. Lane, 489 U.S. 288 (1989), and its progeny.

See Brief in Supp. of Mot. to Dismiss at 4, ECF No. 11. Respondent emphasizes "the extremely difficult burden a state prisoner such as M[a]cDonald bears in seeking federal habeas corpus relief." See Supp. Brief at 3, ECF No. 22.

MacDonald argues that he "asserts all three claims: an ex post facto clause claim, a facial attack, and an as applied attack on the now defunct Virginia Code 18.2-361(A)[.]"[3] See Resp. at 1, ECF No. 23. He asserts that "[t]he ex post facto claim was properly preserved for appeal at trial and was perfected as a facial attack against VA Code § 18.2-361 (A)." See Resp. at 2-3, ECF No. 14. Upon review of the state court records, it appears that the facial attack was properly raised in the trial court and on direct appeal. See Trial Tr. of the Circuit Ct. for Colonial Heights 36-42, 41 ECF No. 2-4 ("...I have both as applied argument to him and the facial argument"); Op. of the Court of Appeals of Va. 2-3, ECF No. 2-9; Pet. for Appeal in Supreme Ct. of Va. 15-18. In deference to petitioner's pro se status, these three claims have been analyzed separately in this Memorandum Opinion.

1. Ex Post Facto Clause

MacDonald argues that the Virginia courts "assume[d] an age requirement on [Va. Code § 18.2-361], where none [existed], and then convicted [MacDonald] on activity alleged to have occurred prior to the modification of the statute" in violation of the Ex Post Facto Clause. See Mem. in Supp. of Pet. at 36, ECF No. 23. MacDonald's Ex Post Facto Clause claim is barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two

---

[3] It is unclear why MacDonald refers to Va. Code § 18.2-361(A) as "now defunct."

5

foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed MacDonald's Ex Post Facto Clause claim as defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). See Va. Sup. Ct., Oct. 28, 2008, at 4, ECF No. 2-19. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Respondent raised the issue of procedural default in the Brief in Support of the Motion to Dismiss, and MacDonald was provided the opportunity to respond. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity to argue against dismissal). In his reply, MacDonald argues, "[t]he ex post facto claim was properly preserved for appeal at trial and was perfected as a facial attack against VA Code § 18.2-361 (A)." See Reply at 2, ECF No. 14. MacDonald's facial attack on Va. Code § 18.2-361(A) has been analyzed as a separate claim in this Memorandum Opinion. Therefore, to the extent that the Ex Post Facto Clause claim differs from the facial attack, this argument does not provide the

requisite showing of cause and prejudice or a fundamental miscarriage of justice for this Court to review MacDonald's Ex Post Facto Clause claim. Accordingly, this claim will be dismissed.

2. Facial

MacDonald argues that Va. Code § 18.2-361 is facially unconstitutional, and he relies on the United States Supreme Court case Lawrence v. Texas, 539 U.S. 558 (2003) (rendering a Texas homosexual sodomy law invalid under the Due Process Clause of the Fourteenth Amendment), to support his argument. Specifically, MacDonald argues that

> The U.S. Supreme Court, as confirmed by the Virginia Supreme Court in Martin v. Ziherl, 269 Va. 35, 607 S.E.2d 367 (2005), unmistakably held in Lawrence v. Texas, 539 U.S. 558, 123 S. Ct. 2472 (2003), that a statute that criminalizes sexual acts between consenting adults in private is facially invalid. [and in] this key respect, Virginia's "Sodomy Statute" § 18.2-361, is indistinguishable from the Texas statute that the defendants were convicted of violating in Lawrence or the fornication law struck down in Martin.

See Pet'r Mem. at 10, ECF No. 2.

The Court of Appeals held that MacDonald lacked standing to assert this claim.[4] See Va. Ct. App., Jan. 9, 2007, at 3, ECF No. 2-9 (citations omitted). Its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). In reviewing the state court's decision as to this claim, MacDonald fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

---

[4] Notably, the Court of Appeals of Virginia referred to MacDonald's previous case, McDonald v. Commonwealth, 630 S.E.2d 754 (2006), to explain its reasoning. See Va. Ct. App., Jan. 9, 2007, at 2, ECF No. 2-9 ("In accord with our previous decisions, we hold that MacDonald lacks standing to assert this claim") (citing McDonald v. Commonwealth, 48 Va. App. 325, 329, 630 S.E.2d 754, 756 (2006) ("[W]e will only consider the constutitionality of Code § 18.2-361(A) as applied to appellant's conduct) (other citations omitted)). Therefore, that is the reasoning that has been analyzed here under the Williams standard.

7

When the Court of Appeals of Virginia held that MacDonald lacked standing to challenge the facial constitutionality of Va. Code § 18.2-361(A), it explicitly relied on the United States Supreme Court case County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979) (noting that a party "has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights"), as the basis for its holding. Because the principle relied upon was drawn directly from a United States Supreme Court case, this decision was not contrary to federal law. See Williams, 529 U.S. at 413.

A reasonable jurist could apply the principle from Ulster to conclude that a MacDonald lacked standing to challenge the facial constitutionality of Va. Code § 18.2-361(A) because MacDonald was an adult who was trying to engage in sodomy with a minor, and such behavior is not constitutionally protected.[5] Therefore, the Court of Appeals of Virginia's holding was not an unreasonable application of federal law.

Finally, MacDonald has not provided clear and convincing evidence to rebut the presumption that the Court of Appeals of Virginia's relevant factual findings were sound. See Miller-El, 545 U.S. at 240. Therefore, MacDonald's challenge to the facial constitutionality of Va. Code § 18.2-361(A) will be dismissed.

### 3. As Applied

MacDonald argues that Va. Code § 18.2-361 is unconstitutional as applied in this case, and he again relies on Lawrence to support his argument. The Court of Appeals rejected this claim on the merits, and its reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst, 501 U.S. at 803. In reviewing the state court's

---

[5] MacDonald has not exhausted the argument that there is a distinction between a direct conviction of sodomy and a conviction for solicitation of sodomy for the purposes of analyzing the facial constitutionality of Va. Code § 18.2-361. See Supp. Brief at 14, ECF No. 22.

8

decision as to this claim, MacDonald fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

The Court of Appeals of Virginia's determination is based on clearly established federal law. Virginia considers persons aged sixteen and seventeen to be children, and the Supreme Court in Lawrence explicitly stated that the ruling did not apply to sexual acts involving children. See Va. Ct. App., Jan. 9, 2007, at 1-3, ECF No. 2-9 (citations omitted).[6] Thus, the holding that Va. Code § 18.2-361 is not unconstitutional as applied to MacDonald is not contrary to, or an unreasonably application of, federal law. Because MacDonald has also not provided clear and convincing evidence to rebut the state court's factual findings, this claim will be dismissed.

### 4. Va. Code § 18.2-361 Carries Punishments that Violate Equal Protection

MacDonald argues that his punishment violates Equal Protection because of the disparity in potential sentences between similar offenses. Specifically, he argues that the potential sentence for soliciting sodomy with a minor—the offense for which he was convicted—is too long when compared to the potential sentence for intercourse with a minor aged 16 or 17 and/or the potential sentence for all persons who participate in oral sex. See Mem. in Supp. of Pet. at 27, ECF No. 2.

Upon review of the state court records, it is clear that MacDonald did not pursue an Equal Protection claim in the state court proceedings as required. MacDonald would now be precluded

---

[6] Again, the Court of Appeals of Virginia referred to MacDonald's previous case, McDonald v. Commonwealth, 630 S.E.2d 754 (2006), to explain its reasoning. See Va. Ct. App., Jan. 9, 2007, at 3, ECF No. 2-9 ("For the reasons previously stated in our opinion in McDonald, 48 Va. App. at 329, 630 S.E.2d at 756-57 (Code § 18.2-361(A) does not violate defendant's due process rights), we reject [MacDonald's argument]."). Therefore, that is the reasoning that has been analyzed here under the Williams standard.

9

from bringing these claims in state court because they would be procedurally defaulted under Virginia Code § 8.01-654(B)(2) (barring successive state habeas petitions). Because this claim would therefore be simultaneously exhausted and defaulted for the purposes of federal habeas review, see Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), a federal court is not permitted to review these claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. See Harris v. Reed, 489 U.S. 255, 260 (1989). In the November 30, 2009 Order, MacDonald was thus given an opportunity to show cause why his claim should not be dismissed.[7]

In his response to the November 30 Order, MacDonald argues that "MacDonald asked the Virginia Supreme Court to thoroughly examine the statute under which he had been convicted and specifically apply the U.S. Supreme Court's holdings (not dicta) in Lawrence v. Texas to Virginia Code 18.2-361(A) and they chose not to do so neither on direct review nor on habeas review." See Resp. at 2, ECF No. 4. MacDonald has properly demonstrated that his facial and as applied attacks to the constitutionality of Va. Code § 18.2-361(A) were preserved on direct appeal, but the Equal Protection Clause was never mentioned in the circuit court. Therefore, this argument does not provide a showing of cause and prejudice or a fundamental miscarriage of justice that would result from the dismissal of his Equal Protection Clause claim.

MacDonald also argues that "[t]he U.S. Supreme Court's decision in Williams v. Taylor should take precedence over Virginia's older decision in Slayton v. [Parrigan]." Id. at 4. As

---

[7] MacDonald was directed to show cause why his claim under the Ex Post Facto Clause should not be dismissed, however, MacDonald has consistently included this Equal Protection claim as part of his Ex Post Facto Clause claim. See Pet. at 5, ECF No. 1 ("MacDonald's Conviction is in violation of the ex post facto guarantee of the U.S. Constitution because Virginia's Sodomy Statute is Facially Unconstitutional and also because it carries punishments that are in direct conflict with Equal Protection of the Law."). Therefore, his response to the November 30 Order is properly considered as an argument as to why his unexhausted Equal Protection claim should not be dismissed as procedurally defaulted.

10

explained above, current caselaw bars a federal court from reviewing claims that have been procedurally defaulted, and the Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min, 125 F.3d at 196-97. Therefore, MacDonald's argument is without merit. MacDonald has therefore failed to make a showing of cause and prejudice or a fundamental miscarriage of justice that would result from the dismissal of his Equal Protection claim as procedurally defaulted, and it will be dismissed.

B. Insufficient Evidence

MacDonald argues that the evidence was insufficient to convict him of contributing to the delinquency of a minor. See Mem. in Supp. of Pet. at 31, ECF No. 2. The Court of Appeals of Virginia rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst, 501 U.S. at 803. In reviewing the state court's decision as to this claim, MacDonald fails to show that the result was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts.

The Court of Appeals recognized that it must "view the evidence and all reasonably inferences flowing therefrom in the light most favorable to the Commonwealth," and that the trial court's conviction must be affirmed "unless it is plainly wrong or unsupported by the evidence." See Va. Ct. App., Jan. 9, 2007, at 3, ECF No. 2-9 (citing DeAmicis v. Virginia, 524 S.E.2d 151, 152 (Va. 2000) (en banc)). The court then affirmed MacDonald's conviction for contributing to the delinquency of a minor by reasoning that

> MacDonald's solicitation of oral sex from the victim was prohibited behavior, i.e., he willfully encouraged her to engage in a criminal act. [Va.] Code § 18.2-29.

11

> His solicitation was clearly designed to encourage A.J. to commit that act, which would render her delinquent under [Va.] Code § 16.1-228, in violation of [Va.] Code § 18.2-371.

See id. at 4-5.

It is well established that the scope of federal habeas review is limited to questions of either the federal Constitution or laws, and it does not extend to reexamination of a state court's interpretation and application of a state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998). The Supreme Court of Virginia rejected MacDonald's argument as to the proper interpretation of these Virginia statutes and dismissed his petition. Therefore, to the extent that MacDonald argues that his conduct does not fit within the definitions in the Virginia statutes, his argument is not cognizable in a federal habeas proceeding and will be dismissed.

To the extent that MacDonald raises a federal due process claim that the evidence was insufficient to support his conviction, his argument also fails. The standard for analyzing a claim of insufficiency of the evidence for purposes of a federal due process analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Although the Court of Appeals of Virginia used a standard from Virginia state law, that standard is clearly in line with the federal standard. Therefore, because the Court of Appeals did not arrive at a different conclusion than the Supreme Court of the United States on a question of law, its determination was not "contrary to" clearly established federal law. See Williams, 529 U.S. at 412-13.

Furthermore, the Court of Appeals of Virginia's decision was not an unreasonable application of clearly established federal law because the court both identified the correct legal

principle and applied that principle reasonably to the facts of the case. See Williams, 529 U.S. at 413. The evidence showed MacDonald asked A.J. "to suck his dick," then suggested they go to a shed to "have sex." See Va. Ct. App., Jan. 9, 2007, at 2, ECF No. 2-9. The Court of Appeals reasonably concluded that a rational juror could conclude that these actions "encouraged" A.J. to commit a delinquent act by encouraging her to violate Va. Code § 18.2-371, and that MacDonald was therefore guilty of contributing to the delinquency of a minor. MacDonald has not rebutted this determination of the facts by clear and convincing evidence, so this Court must presume that the state court's factual findings are sound. See Miller-El, 545 U.S. at 240 (quoting 28 U.S.C. 2254(e)(1)). Because MacDonald has failed to demonstrate that the state court's conclusion was contrary to, or an unreasonable application of, clearly established federal law, his claim that the evidence was insufficient to support his conviction fails and will be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed and MacDonald's Motion for Discovery will be denied as moot. An appropriate Order shall issue.

Entered this 26th day of September 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge